UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O
JS-6

CIVIL MINUTES – GENERAL

Case No. SACV 13-0458 DOC (JPRx)                          Date: July 31, 2013

Title: SHEDRICK COLLINS V. TACO BELL CORP.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | N/A |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                                    None Present

**PROCEEDINGS (IN CHAMBERS): ORDER GRANTING MOTION TO COMPEL ARBITRATION**

Before the Court is a Motion to Compel Arbitration (Dkt. 7) filed by Defendant Taco Bell Corporation ("Taco Bell"). For the reasons below, and after considering all filings, the Court hereby GRANTS the Motion and STAYS the case pending the outcome of arbitration.[1]

I.  **Background**

On April 7, 2008, Plaintiff signed an application for employment that is the form application for various affiliated companies including, as relevant here, Taco Bell. *See* Supplemental Harper Decl. Ex. A (Dkt. 17, hereafter cited to as "Application").

In a section titled "Agreement," the application explains conditions of any employment with Taco Bell. What follows is the relevant language for this Motion, taken from the fourth and fifth pages of a five-page application. It appears in bold, and in what appears to be same font size as the rest of the text in the application:

---

[1] The Court finds the matter appropriate for decision without oral argument. Fed R. Civ. P. 78; Local R. 7-15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0458 DOC (JPRx)                     Date: July 31, 2013

                                                                                                                Page 2

> **Agreement to Arbitrate. Because of the delay and expense of the court systems . . . Taco Bell Corp. . . . and I agree to use confidential binding arbitration, instead of going to court, for any claims that arise between me and . . . Taco Bell Corp. . . . . its related companies, and/or their current or former employees. Without limitation, such claims would include any concerning compensation, employment (including, but not limited to, any claims concerning sexual harassment or discrimination), or termination of employment. Before arbitration, I agree:**
> **(i) first to present any such claims in full written detail to . . . Taco Bell Corp. . . . ;**
> **(ii) next, to complete any . . . Taco Bell Corp. . . . internal review process; and**
> **(iii) finally, to complete any external administrative remedy (such as with the Equal Employment Opportunity Commission). In any arbitration, the then prevailing employment dispute resolution rules of the American Arbitration Association will apply, except that . . . Taco Bell Corp. . . . will pay the arbitrator's fees, and . . . Taco Bell Corp. . . . will pay that portion of the arbitration filing fee in excess of the similar court filing fee had I gone to court.**

Application at 4-5. On March 20, 2013, Plaintiff filed his lawsuit alleging state law claims "all related to the same facts—namely whether Plaintiff performed work and was not paid overtime wages and whether that failure to pay was willful." Compl. ¶ 2. The lawsuit alleges unpaid overtime, improper pay stubs, overtime owed under the Fair Labor Standards Act, and a violation of the Unfair Competition Law ("UCL"), California Business and Professions Code § 17200 et seq.

      Taco Bell has now moved to enforce the arbitration agreement.

      **II.**      **Legal Standard**

      The Federal Arbitration Act ("FAA") governs the enforceability of written arbitration provisions in certain contracts involving interstate commerce. *See* 9 U.S.C. § 1, *et seq.; Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 24–26 (1991).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0458 DOC (JPRx)                                Date: July 31, 2013
                                                                Page 3

---

A party seeking to compel arbitration under the FAA has the burden to show: (1) the existence of a valid, written agreement to arbitrate in a contract; and (2) that the agreement to arbitrate encompasses the dispute at issue.[3] *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008); *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000); *see also* 9 U.S.C. § 2.

The first prong of the FAA's two-part test – the existence of a valid, written agreement to arbitrate in a contract – is governed by state contract law. *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 630-31 (2009); *Circuit City Stores, Inc. v. Adams,* 279 F.3d 889, 892 (9th Cir. 2002). It is "well settled" that the existence of a valid, written agreement to arbitrate in a contract is an issue for court, not an arbitrator, to decide. *Granite Rock Co. v. Int'l Broth. of Teamsters*, 130 S. Ct. 2847, 2855-56 (2010).

The party moving to compel arbitration bears the burden of showing that a valid agreement to arbitrate was made. *See Bryant v. Serv. Corp. Int'l*, 801 F. Supp. 2d 898, 904 (N.D. Cal. 2011); *see also Samson v. NAMA Holdings, LLC*, 637 F.3d 915, 923-24 (9th Cir. 2010). If there is a factual dispute regarding whether an agreement to arbitrate was made, the court must try the issue. *See* 9 U.S.C. § 4 ("If the making of the arbitration agreement . . . be in issue, the court shall proceed summarily to the trial thereof. . . . [T]he party alleged to be in default may . . . demand a jury trial of such issue . . . ."); *Meyer v. T-Mobile USA Inc.*, 836 F. Supp. 2d 994, 1007 (N.D. Cal. 2011) ("District courts in the Ninth Circuit and the Ninth Circuit itself have allowed a party opposing a motion to compel arbitration to conduct discovery relevant to the issue . . . ."); *Clar Prods., Ltd. v. Isram Motion Pictures Prod. Servs., Inc.*, 529 F. Supp. 381, 383 (S.D.N.Y.1982) (ordering an "evidentiary hearing" because there was an "issue of fact" as to whether a valid arbitration agreement was formed).

Just as with proving the existence of a valid agreement to arbitrate, the party seeking to compel arbitration also bears the burden of proving that the dispute at issue is covered by the arbitration agreement. *See Bryant*, 801 F. Supp. 2d at 904; *Samson*, 637

---

[3] The FAA states in full: "A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0458 DOC (JPRx)            Date: July 31, 2013
                                                                                      Page 4

---

F.3d at 923-24. In determining this issue, the court looks to "whether the party seeking arbitration is making a claim which on its face is governed by the contract." *United Steelworkers of Am. v. Am. Mfg. Co.*, 363 U.S. 564, 568 (1960). "To determine whether a claim falls within the scope of an arbitration agreement, the focus is on the factual underpinnings of the claim rather than the legal theory alleged in the complaint." *Medtronic AVE, Inc. v. Advanced Cardiovascular Sys., Inc.*, 247 F.3d 44, 55 (3d Cir. 2001) (citations omitted).

Even if the party seeking to compel arbitration satisfies both prongs of the two-part FAA test, a court will not compel arbitration if the opposing party shows the movant waived its right to arbitration. *Britton v. Co-op Banking Grp.*, 916 F.2d 1405, 1412 (9th Cir. 1990). "A party seeking to prove waiver of a right to arbitrate must demonstrate: (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." *Id.* The party arguing waiver "bears a heavy burden of proof." *Id.*; *Sovak v. Chugai Pharm. Co.*, 280 F.3d 1266, 1270 (9th Cir. 2002).

"Although it is often said that there is a federal policy in favor of arbitration, federal law places arbitration clauses on equal footing with other contracts, not above them." *Janiga v. Questar Capital Corp.*, 615 F.3d 735, 740 (7th Cir. 2010). Thus, "[a]ny 'preference' for arbitration is reserved for the interpretation of the scope of a valid arbitration clause." *Id.* The "liberal federal policy regarding the scope of arbitrable issues is inapposite" to the first prong of the FAA test: the existence of a valid, written agreement to arbitrate in contract. *Comer v. Micor, Inc.*, 436 F.3d 1098, 1104 n.11 (9th Cir. 2006).

The policy favoring arbitration applies only to the second prong of the FAA's two-part test because the FAA reflects *both* a "liberal federal policy favoring arbitration" *and* the "fundamental principle that arbitration is a matter of contract." *See AT & T Mobility LLC v. Concepcion*, 131 S. Ct. 1745 (2011); *see also AT & T Technologies, Inc. v. Communications Workers of America*, 475 US 643, 648 (1986) ("Arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit."); *Bd. of Trustees of City of Delray Beach Police & Firefighters Ret. Sys. v. Citigroup Global Markets, Inc.*, 622 F.3d 1335, 1342 (11th Cir. 2010) ("Contrary to the suggestion of [movant], we resolve this issue without a thumb on the scale in favor of arbitration because the 'federal policy favoring arbitration does not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0458 DOC (JPRx)                       Date: July 31, 2013
                                                                                              Page 5

apply to the determination of whether there is a valid agreement to arbitrate between the parties.'"); *Dumais v. Am. Golf Corp.*, 299 F.3d 1216, 1220 (10th Cir. 2002) ("The presumption in favor of arbitration is properly applied in interpreting the scope of an arbitration agreement; however, this presumption disappears when the parties dispute the existence of a valid arbitration agreement."); *Fleetwood Enters., Inc. v. Gaskamp,* 280 F.3d 1069, 1073 (5th Cir.2002) (same).

      **III.**     **Analysis**

          **a. Only the validity of the agreement is at issue**

      The Court notes at the outset that of the two steps that Taco Bell must show—a valid written agreement to arbitrate, and that the agreement encompasses the dispute—only the first step, the validity of the agreement, is in contention here.

      This is because Plaintiff signed an employment application in which he agreed to arbitrate "any claims that arise between me and" Taco Bell, and the agreement spells out that "such claims would include any concerning compensation" as well as any claims concerning "employment." Plaintiff's complaint is based on not being paid overtime wages for work performed, and all his causes of action are based on that premise. *See* Compl. ¶ 2. Compensation would clearly cover being paid for overtime, and Plaintiff makes no convincing argument to the contrary.[2] Plaintiff also does not argue that Taco Bell waived any right to arbitration; he raises only the argument that the agreement is unconscionable.

          **b.** *Armendariz* **does apply**

      As the California Supreme Court explained in *Armendariz v. Foundation Health Psychcare Services, Inc.*, "unconscionability has both a procedural and a substantive element, the former focusing on oppression or surprise due to unequal bargaining power, the latter on overly harsh or one-sided results." 24 Cal. 4th 83, 114 (2000) (quotation marks omitted). While both procedural and substantive unconscionability must be present, "they need not be present in the same degree." *Id*. "The more substantively

---

[2] See below, Section III.d.ii, for discussion of Plaintiff's brief argument that statutory claims are not in the scope of the agreement because they are not specifically mentioned. Plaintiff makes this argument to show that the agreement is unconscionable, but it is properly an (unconvincing) argument about the agreement's scope.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0458 DOC (JPRx)            Date: July 31, 2013
                                                                                   Page 6

---

oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." *Id*.

Taco Bell argues that *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1746 (2011) abrogates the principles of unconscionability applied by the California Supreme Court in *Armendariz*. This Court has previously rejected that argument, *Hagan v. Emp'rs Res. Mgmt. Co.*, SA CV 12-1185 DOC (ANx), Order Denying Motion to Dismiss (Dkt. 22), (C.D. Cal. Dec. 19, 2012), and Taco Bell's citations to the contrary are wholly unconvincing.[3]

The Court will consider Plaintiff's unconscionability arguments in turn.

### c. Procedural unconscionability

Procedural unconscionability requires either "'oppression' or 'surprise.'" *Goodridge v. KDF Automotive Group, Inc.*, 209 Cal. App. 4th 325, 337 (2012) (describing "controlling California case law regarding the doctrine of unconscionability as it applies to contracts in general"); *Pokorny v. Quixtar, Inc.*, 601 F.3d 987, 996 (9th Cir. 2010).

Oppression exists "[w]here the parties to a contract have unequal bargaining power and the contract is not the result of real negotiation or meaningful choice." *Goodridge*, 209 Cal. App. 4th at 337. When the weaker party is presented the clause and told to "take it or leave it" without the opportunity for meaningful negotiation, oppression, and therefore procedural unconscionability, are present. *Nagrampa v.*

---

[3] Taco Bell cites the following cases: *Oguejiofor v. Nissan*, C-11-0544 EMC, 2011 WL 3879482 (N.D. Cal. Sept. 2, 2011) (noting in a parenthetical that *Armendariz* was abrogated in part, without elaboration); *Ruhe v. Masimo Corp.*, 2011 WL 4442790 at *2 (C.D. Cal. Sept. 16, 2011) (noting that by defendant's interpretation of *Armendariz*, it "would appear to be preempted," but not deciding the issue); *Burnett v. Macy's W. Stores, Inc.*, 2011 WL 4770614 (E.D. Cal. Oct. 7, 2011) (noting that some courts have wondered about the viability of *Armendariz* but not deciding the issue). In *Hagan* this Court followed the "numerous courts" that "have found that *Concepcion* does not preclude the application of the California unconscionability principles as stated in *Armendariz*." SA CV 12-1185 DOC (ANx), Order Denying Motion to Dismiss (Dkt. 22) at 22 (citing *Cisneros v. Am. Gen. Fin. Servs.*, 2012 U.S. Dist. LEXIS 102948, *15-16 (N.D. Cal. July 23, 2012) (listing numerous cases)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0458 DOC (JPRx)												Date: July 31, 2013
																				Page 7

---

*MailCoups, Inc.*, 469 F.3d 1257, 1282 (9th Cir. 2006). Surprise exists where "the supposedly agreed-upon terms of the bargain are hidden in the prolix printed form drafted by the party seeking to enforce the disputed terms." *Goodridge*, 209 Cal. App. 4th at 337.

### i. This take-it-or-leave-it contract is procedurally unconscionable

The Court agrees with Plaintiff that this boilerplate employment application does not afford him any meaningful negotiation or choice. It is "well settled" that this type of contract is typically procedurally unconscionable. *Serpa v. California Sur. Investigations, Inc.*, 215 Cal. App. 4th 695, 704, 155 Cal. Rptr. 3d 506, 512 (2013), as modified (Apr. 26, 2013) (citing *Armendariz,* 24 Cal.4th at 115 ("In the case of preemployment arbitration contracts, the economic pressure exerted by employers on all but the most sought-after employees may be particularly acute, for the arbitration agreement stands between the employee and necessary employment, and few employees are in a position to refuse a job because of an arbitration agreement.")). Taco Bell's argument on this point is simple to minimize the procedural unconscionability. *See* Reply at 5-6.

### ii. Failing to provide a copy of the arbitration rules also supports finding procedural unconscionability

Plaintiff's next argument, also well-taken, is that Taco Bell's application references two sets of rules without providing either for the applicant. Opp'n at 4. "Numerous cases have held that the failure to provide a copy of the arbitration rules to which the employee would be bound . . . support[s] a finding of procedural unconscionability." *Sparks v. Vista Del Mar Child & Family Services*, 207 Cal. App. 4th 1511, 1523 (2012), *as modified on denial of reh'g* (Aug. 20, 2012).[4] Taco Bell has not

---

[4] *Pokorny v. Quixtar, Inc.*, 601 F.3d 987, 996-97 (9th Cir. 2010) (holding that arbitration agreements were unconscionable where, among other factors, the defendant "failed to attach" the full terms of those agreements); *Zullo v. Superior Court*, 197 Cal. App. 4th 477, 486 (2011) (vacating motion to compel arbitration and holding that arbitration agreement which failed to attach documents containing the terms of arbitration was procedurally unconscionable because it "was oppressive to require the party to make an independent inquiry to find the applicable rules in order to fully understand what she was about to sign"); *Trivedi v. Curexo Technology Corp.*, 189 Cal.App.4th 387, 393, 393 n.1 (2010) (collecting cases); *Fitz v. NCR Corp.*, 118 Cal.App.4th

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0458 DOC (JPRx)            Date: July 31, 2013
                                                                   Page 8

put forward any evidence about the internal review process that the arbitration agreement would require Plaintiff to complete. The designation of the "then prevailing employment dispute resolution rules of the American Arbitration Association ['AAA']," Application at 4, is a clear reference, but no side here contends that Plaintiff saw these rules before signing.

Plaintiff further argues that the AAA's rules are hard to find and subject to change, which furthers the showing of unconscionability. Opp'n at 4-5. This is less convincing. Searching for "employment dispute resolution rules American Arbitration Association" readily leads to the rules through a simple Internet search. Plaintiff cites the Ross Declaration (Dkt. 13-1 through 13-3) for three versions of the AAA rules that would be "then prevailing" at different times of Plaintiff's employment. He does not highlight any major changes, however, and his argument ignores the fact that the rules themselves resolve what version applies: "These rules, and any amendment of them, shall apply in the form in effect at the time the demand for arbitration or submission is received by the AAA." Request for Judicial Notice Ex. A at 17 (Dkt. 703). In the absence of an argument that a substantive provision changed from the time Plaintiff signed the agreement, the Court does not find procedural unconscionability in the mere fact that the rules could be updated. *See Collins v. Diamond Pet Food Processors of California, LLC*, 2013 WL 1791926 at \*6 (E.D. Cal. Apr. 26, 2013).

//

//

---

702, 721 (2004) (holding arbitration agreement was procedurally unconscionable where it incorporated "arbitration rules that were not attached and require[d] the other party to go to another source in order to learn the full ramifications of the arbitration agreement"); *Chavarria v. Ralphs Grocer Co.*, 812 F. Supp. 2d 1079, 1085 (C.D. Cal. 2011) (holding that arbitration agreement was procedurally unconscionable where defendant failed to attached full terms, even though the full terms were "available" at another "location" when plaintiff signed the arbitration agreement); *Cisneros v. Am. Gen. Fin. Servs.*, No. C 11-02869 CRB, 2012 U.S. Dist. LEXIS 102948, \*22 (N.D. Cal. July 23, 2012) (denying motion to compel arbitration and holding that arbitration agreement which failed to attach documents containing the arbitration terms was procedurally unconscionable because California "[c]ourts have found oppression where arbitration rules are referenced but not attached in the signed agreement in both employment and non-employment contexts").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0458 DOC (JPRx)            Date: July 31, 2013
                                                                                                                Page 9

### iii. Conclusion on procedural unconscionability

For the reasons above, the Court finds the Application is procedurally unconscionable.

### d. Substantive unconscionability

Substantive unconscionability exists where an arbitration agreement provides for "one-sided" relief; this form of one-sided relief is also often described as a lack of "bilaterality." *See Armendariz*, 24 Cal. 4th 83, 121 (2000); *see also Goodridge v. KDF Automotive Group, Inc.*, 209 Cal. App. 4th 325, 337 (2012) (citing the "one-sided" standard from *Armendariz* as "controlling California case law regarding the doctrine of unconscionability as it applies to contracts in general"); *Smith v. Americredit Fin. Servs.*, CASE NO. 09cv1076 DMS (BLM), 2012 U.S. Dist. LEXIS 32895, *11 (S.D. Cal. Mar. 12, 2012) (holding that the "issue of bilaterality," even after *Concepcion*, "remains at the core of substantive unconscionability under California law, and it has not been preempted by the FAA").

An adhesion contract is substantively unconscionable even if it only "potentially" imposes a burden on the weaker party, the employee, greater than that imposed on the stronger party, the employer; the employee need not show that she will *actually* be subjected to a greater burden. *Lima v. Gateway, Inc.*, Case No. SACV 09-01366 DMG (MLGx), 2012 U.S. Dist. LEXIS 120964, *33-35 (C.D. Cal. Aug. 7, 2012); *Ferguson v. Countrywide Credit Indus.*, 298 F.3d 778, 785, n.8 (9th Cir. Cal. 2002) (holding that defendant's arbitration provision was "unconscionable" and explaining that this conclusion "is not affected by the fact that" agreement provided arbitrator with "discretion" to forego the unconscionable term because "there is no guarantee that the [plaintiff] will, in fact," avoid being subjected to the unconscionable term).

### i. Plaintiff wrongly argues that he would have no way to enforce arbitration against Taco Bell

Plaintiff argues that if he ever wished to require Taco Bell to arbitrate, he could not because contract is not signed by a Taco Bell corporate representative, and thus it is unenforceable under the statute of frauds. Opp'n at 5 (citing Cal. Civ. Code § 1624). But Plaintiff does not tie the application to any of the types of contract that Section 1624 requires to be in writing. Defendant correctly notes that this type of argument does not fit

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0458 DOC (JPRx)                      Date: July 31, 2013
                                                                                      Page 10

---

within Section 1624, and such an argument, if accepted by courts, would threaten a body of law that allows employees to hold employers liable for breaches of contract even if the employer does not sign the agreement, such as contracts implied by certain employer policy documents. *See, e.g.*, *Guz v. Vechtel Nat'l Inc.*, 24 Cal. 4th 317, 344 (2000).

Here, Plaintiff signed an application provided by Taco Bell that provided that "Taco Bell Corp. . . .  and I agree to use confidential binding arbitration, instead of going to court, for any claims that arise between me and . . . Taco Bell Corp. . . . . its related companies, and/or their current or former employees." Application at 4.

The language in Plaintiff's employment application makes it clear that both sides promise to use arbitration. California case law has held that even when an arbitration provision says "I agree"—and does not say that the employer also agrees—this does not "vitiate an otherwise bilateral obligation to arbitrate 'all disputes and claims that might arise out of my employment.'" *Serpa*, 215 Cal. App. 4th 695 (quoting *Roman v. Superior Court*, 172 Cal. App. 4th 1462, 1466-67, 1471 (2009)). Here, in contrast to *Roman*, Taco Bell is named in the agreement. The company falls "within the categorical description" of parties bound, and it would be subject to arbitration of the same types of claims that Plaintiff must arbitrate even though Taco Bell did not sign. *See Izzi v. Mesquite Country Club*, 186 Cal. App. 3d 1309, 1319 (1986); *see also Michaelis v. Schori*, 20 Cal. App. 4th 133, 139 (1993).[5]

    //

---

[5] *See also Perkins v. Rent-A-Ctr., Inc.*, 2004 WL 1047919 (D. Kan. May 5, 2004) (holding that a defendant need not have signed an arbitration agreement to be bound by it). To the extent Taco Bell here argues for the benefits of an arbitration, but elsewhere might argue that it cannot be held to this agreement, equitable estoppel should prevent such unfairness. *See Goldman v. KPMG LLP*, 173 Cal. App. 4th 209, 220 n.5 (2009) (citing *Int'l Paper Co. Schwabedissen Machinen & Anlagen GMBH*, 206 F.3d 411, 418 (4th Cir. 2000).  As a general rule, equitable estoppel precludes a party from asserting rights he otherwise would have had against another, when his own conduct makes asserting such rights contrary to equity. *Goldman* 173 Cal. App. 4th at 220 (quotations and citations omitted). The "linchpin for equitable estoppel is equity—fairness." *Id.* (quoting *Grigson v. Creative Artists Agency, LLC*, 210 F.3d 524, 528 (5th Cir. 2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0458 DOC (JPRx)  Date: July 31, 2013
Page 11

### ii. Plaintiff is also incorrect in his argument that the arbitration does not cover statutory violations because it does not specifically mention them, and this argument is not one that goes to unconscionability

Plaintiff cites *Vasquez v. Superior Court*, 80 Cal. App. 4th 430, 434 (2000), for the proposition that an arbitration agreement must be particularly clear if it includes statutory claims. "[N]owhere in the arbitration agreement is it mentioned that statutory claims will be arbitrated," Plaintiff argues. Opp'n at 7. Whether the agreement covers statutory claims is properly an argument about the scope of agreement, not its initial validity. *See Cox v. Ocean View Hotel Corp.,* 533 F.3d 1114, 1119 (9th Cir. 2008) (noting two steps for enforcement of an arbitration clause).

Further, *Vasquez* is about agreements to arbitrate statutory claims in the collective bargaining context. *See* 80 Cal. App. 4th at 434.[6] The agreement here states that it covers "any claims that arise between me" and Taco Bell, and further that "such claims would include any concerning compensation," and "employment." Plaintiff does not convincingly attack the clarity of the agreement language, nor does he argue against the cases that Taco Bell cites that have compelled arbitration of statutory claims. *See* Reply at 2 (citing, among other cases, *Kuehner v. Dickinson & Co.*, 84 F.3d 316, 319-20 (9th Cir. 1996)). Thus, to the extent Plaintiff challenges the scope of the agreement, his argument fails.

### iii. The agreement is not unconscionable based on *Armendariz*

An arbitration agreement covering statutory rights established "for a public reason," must be subjected to particular scrutiny by the courts, *Armendariz,* 24 Cal.4th 83, 100–01 (2000), and is lawful only if it:

(1) provides for neutral arbitrators;

---

[6] Plaintiff quotes from the second of the following three sentences in the opinion: "Although ordinarily a presumption of arbitrability applies to contractual disputes arising out of a collective bargaining agreement, the presumption is not applicable to statutory violations. Indeed a requirement to arbitrate statutory claims 'must be particularly clear.' A union-negotiated waiver of employees' statutory rights to a judicial forum for claims of employment discrimination must be 'clear and unmistakable.'"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0458 DOC (JPRx)            Date: July 31, 2013
                                                                                              Page 12

      (2) provides for more than minimal discovery;
      (3) requires a written award;
      (4) provides all the types of relief that would otherwise be available in court; and
      (5) does not require employees to pay unreasonable costs or any arbitrator's fees or expenses as a condition of access to the arbitration forum.

*Id.* at 102 (quoting *Cole v. Burns Int'l Security Servs.,* 105 F.3d 1465, 1482 (D.C.Cir.1997)). Plaintiff does not address whether the agreement here meets the *Armendariz* requirements but the Court concludes that it does. The AAA Rules provide for a neutral arbitrator (Rule 12, particularly parts b.(ii) and c.), more than minimal discovery (Rules 9 and 30), a written award (Rule 39(c)), and all relief available in court (Rule 39(d)).[7] The agreement further provides that Taco Bell will pay the arbitrator's fees, and pay the part of the arbitration filing fee that exceeds the fee that Plaintiff would pay had he filed in court. Agreement at 5.

### e. The Court shall strike one clause

As the Court noted previously, an adhesion contract is substantively unconscionable even if it only "potentially" imposes a burden on the weaker party, the employee, greater than that imposed on the stronger party, the employer; the employee need not show that she will *actually* be subjected to a greater burden. *Lima*, 2012 U.S. Dist. LEXIS 120964 at *33-35; *Ferguson*, 298 F.3d at 785, n.8 (holding that defendant's arbitration provision was "unconscionable" and explaining that this conclusion "is not affected by the fact that" agreement provided arbitrator with "discretion" to forego the unconscionable term because "there is no guarantee that the [plaintiff] will, in fact," avoid being subjected to the unconscionable term).

Here, the agreement provides that Plaintiff must complete "any . . . Taco Bell Corp. . . . internal review process," Agreement at 4, but says nothing about what that process is. Taco Bell does not address Plaintiff's argument that it is unfair for him to hold him to an agreement to complete an internal review process before filing for arbitration, Opp'n at 5, when Plaintiff had no idea what those internal rules are. While Plaintiff does not frame his argument as one of substantive unconscionability, the agreement requires him to complete the internal review process, without imposing a similar obligation on

---

[7] The AAA Rules relevant here are in the Request for Judicial Notice (Dkt. 7-3).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-0458 DOC (JPRx)                                          Date: July 31, 2013
                                                                                                    Page 13

---

Taco Bell, *see* Agreement at 4-5, and there is nothing in the record about the substantive terms of this internal complaint review.

A court has the power to strike a clause or limit an unconscionable clause "so as to avoid unconscionable results." *Armendariz*, 24 Cal. 4th at 122. It can also determine that an agreement is "permeated" by unconscionability and thus refuse to enforce the entire agreement. *Id.* This second option makes sense when, for example, an agreement has more than one unlawful provision. This suggests a "systematic effort to impose arbitration on an employee not simply as an alternative to litigation, but as an inferior forum that works to the employer's advantage." *Id.* at 124-25.

Here, the Court's concern is with an internal review process that only Plaintiff must complete, with rules that Taco Bell has not presented to the Court. For those reasons, the Court strikes clause (ii) in the Agreement that requires Plaintiff to complete any Taco Bell internal review process before filing for arbitration.

### f. Conclusion on substantive and procedural unconscionability

With clause (ii) struck, the agreement is not unconscionable. The Court reaches this conclusion by weighing the procedural unconscionability and the general absence of substantively unconscionable provisions. The Court will enforce the remainder of the agreement and stay the case pursuant to 9 U.S.C. § 3

### IV. Disposition

For the above reasons, the Court GRANTS the Motion to Compel Arbitration, with the one change—striking clause (ii) that requires Plaintiff to complete any Taco Bell internal review process. The case is STAYED pending the completion of arbitration proceedings. Taco Bell is ORDERED to file an update on arbitration proceedings every four months from the date of this order.

MINUTES FORM 11
CIVIL-GEN                                                                      Initials of Deputy Clerk: jcb